16-1865-cr
United States v. Estevez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand eighteen.

PRESENT:    ROBERT D. SACK
            PETER W. HALL,
            CHRISTOPHER F. DRONEY,

                    *Circuit Judges.*
----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                              No. 16-1865-cr

JIMMY ESTEVEZ, MIGUEL ESTEVEZ, AKA DOMI,
JOSUE ORTIZ, AKA SUA, ROBINSON CRUCETTS,
AKA ROBI, MARTIN RODRIGUEZ, WILLIAM
SUAREZ, AND IVAN ESTRADA,

                    *Defendants,*

CARLOS GABRIEL ESTEVEZ,

                    *Defendant-Appellant.*

----------------------------------------------------------------------
FOR APPELLANT:                        Steven Y. Yurowitz, New York, New York.

1

FOR APPELLEE:                          Geoffrey M. Stone, Assistant United States Attorney, Sandra S. Glover, Assistant United States Attorney (*on the brief*) *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *District Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Carlos Estevez ("Estevez") was convicted by jury of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(i), and substantive possession with intent to distribute and distribution of more than one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i).  He argues on appeal that (1) the district court abused its discretion in allowing the government to ask leading questions during direct examination of witnesses at trial; (2) he received ineffective assistance of counsel because his trial counsel did not object to those leading questions; (3) his rights under the Confrontation Clause were violated when the district court did not permit his trial counsel to recross a witness; and (4) the district court's calculation of the amount of heroin attributable to him was erroneous.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We ordinarily review the district court's allowance of leading questions for abuse of discretion.  *United States v. Carboni*, 204 F.3d 39, 45 (2d Cir. 2000).  However, where defense counsel below did not object to questions as leading, the defendant's claim is reviewed for

2

plain error.  *See United States v. Marcus*, 628 F.3d 36, 41-42 (2d Cir. 2010).  We have held that "the language of Federal Rule of Evidence 611(c) expressing a preference for non-leading questions is only precatory and . . . generally trial judges are afforded a large degree of discretion in overseeing the examination of witnesses."  *Sanders v. New York City Human Resources Admin.*, 361 F.3d 749, 757-58 (2d Cir. 2004); *accord United States v. Ajmal*, 67 F.3d 12, 16 (2d Cir. 1995); *United States v. DeFiore*, 720 F.2d 757, 764 (2d Cir. 1983).  We have thus demonstrated an "almost total unwillingness" to reverse for 611(c) infractions.  *Ajmal*, 67 F.3d at 16 (internal quotation marks omitted).

Although the district court did allow some leading questions on direct, the testimony about which the Appellant complains also came in through other means, and there was otherwise sufficient evidence of guilt to sustain the jury's verdict.  We do not reach the question of whether plain error occurred because we see no abuse of discretion.  *Carboni*, 204 F.3d at 45.

"We review the trial court's restriction of cross-examination for an abuse of discretion[.]"  *United States v. Vasquez*, 82 F.3d 574, 576 (2d Cir. 1996).  This is because "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things . . . interrogation that is repetitive or only marginally relevant."  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  Even if we find that the district court has abused its broad discretion, we will not reverse if error was harmless or "unimportant in relation to everything else the jury considered on the issue in question."  *Vasquez*, 82 F.3d at 576 (quoting *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993)).

3

Following the government's redirect of Josh Cameron, a police officer for the Town of Hamden, Connecticut, assigned to the DEA Task Force in New Haven, Connecticut, the district court asked Estevez's trial counsel what it was that had come up that was "so new" he should allow recross.   App'x at 342.   Defense counsel responded with the subjects which he would like to examine.   He had already covered the first of his three proposed subjects. The second was not substantively new or indeed particularly probative.   The third could be covered by another witness, to the extent it had not already been covered.   We find no abuse of discretion in the trial court's decision to decline to allow repetitive or marginally relevant recross examination.

With respect to Estevez's sentencing claim, "[w]hen addressing a claim that there was insufficient evidence to support a district court's drug quantity finding, we are mindful that the district court has broad discretion to consider all relevant information, and the quantity determination will not be disturbed unless it is clearly erroneous." *United States v. Richards,* 302 F.3d 58, 70 (2d Cir. 2002) (internal quotation marks and citation omitted).   "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Guang,* 511 F.3d 110, 122 (2d Cir. 2007) (internal quotation marks and citation omitted).   Quantities attributable to the defendant for purposes of sentencing under the Guidelines must be established by a preponderance of the evidence. *United States v. Rios*, 765 F.3d 133, 139 (2d Cir. 2014).

The district court's finding that the "quantity of heroin for which [Estevez] is responsible under the Guidelines is 30 kilograms," App'x at 875, is likely in error.

4

Although Ortiz initially estimated that he transported "about 30 kilograms" of heroin for Estevez over the seven-month period that he was working for Estevez, more specific testimony by Ortiz appears not to support that amount. App'x at 553, 599. Two areas of Ortiz's testimony allow for more specific estimates of the quantity of heroin he transported and/or distributed for Estevez: (1) testimony regarding how frequently Ortiz transported heroin from New York to Connecticut, and how much he transported per trip; and (2) testimony regarding how frequently Ortiz distributed heroin to Estevez's three (and apparently, only) Connecticut customers, and how much he distributed to each per sale. Regarding the first area, the testimony allows for an estimate of, at most, 16.75 kilograms of heroin transported from New York to Connecticut. Testimony regarding the second area allows for an estimate of between 21 and 31.5 grams distributed to Estevez's three Connecticut customers. Neither of these figures supports, by a preponderance of the evidence, Ortiz's 30 kilogram estimate of the amount of heroin he transported for Estevez.

We hold, however, that any error in the quantity calculation was harmless. "Where we identify procedural error in a sentence"—including miscalculation of the Guidelines range—"but the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008) (en banc)). Our review of the record here leads us to conclude that "the district court would have imposed the same sentence" had it correctly calculated the quantity of heroin for which Estevez was responsible. *Id.*

5

Had the district court calculated the quantity as between 10 and 30 kilograms, the resulting Guidelines range would have been 210 to 262 months, as opposed to the 262 to 327 months calculated by the district court. Since the Guidelines range serves as the "the starting point and initial benchmark" in arriving at the appropriate sentence, *Gall v. United States*, 552 U.S. 38, 49 (2007), an error that has such a significant impact on the Guidelines range would ordinarily not be harmless.

Here, however, the district court found that "a Guideline sentence would be substantially greater than what is necessary" since: (1) Estevez had no criminal record; (2) there is no evidence that Estevez would be unable to lead a law-abiding life; (3) Estevez will be deported after he serves his sentence; and (4) due to Estevez's immigration status, he will be ineligible for release into a halfway house, and will therefore spend more time in custody. App'x at 898–900, 906. After rejecting the Guidelines range, the district court turned to the statutory mandatory minimum sentence of 10 years, and found that a mandatory minimum sentence would be slightly too low in light of Estevez's supervisory role. Notably, the district court did not mention the quantity of the drugs attributable to Estevez in imposing a sentence six months above the mandatory minimum. Since the district court rejected the Guidelines range, turned instead to the mandatory minimum as a guidepost, and then considered only Estevez's leadership role in departing from the mandatory minimum, we are confident that the district court would have imposed the same sentence had it calculated the quantity of heroin attributable to Estevez as below 30 kilograms.

Estevez also argues that he received ineffective assistance of counsel when his trial counsel failed to object to leading questions on direct. "When faced with a claim for

6

ineffective assistance of counsel on direct appeal, we may: '(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us.'" *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks omitted). The third course of action is appropriate when the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is "beyond any doubt" or "in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). But we have expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000). This aversion is due in part to the reasoning that "the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *Khedr*, 343 F.3d at 100. Consistent with this precedent, we decline to decide Estevez's claim for ineffective assistance of counsel here.

We have considered all Estevez's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court