104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Roosvelt A. HOLMES, Defendant-Appellant.
 No. 96-1039.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from an order of the United States District Court for the District of Connecticut.
 APPEARING FOR APPELLANT: M. Donald Cardwell, Cardwell, Cardwell & Smoragiewicz, Hartford, Connecticut.
 APPEARING FOR APPELLEES:Leonard C. Boyle, Office of the United States Attorney, District of Connecticut, New Haven, Connecticut.
 D.Conn.
 AFFIRMED.
 Before WALKER and LEVAL, Circuit Judges,
 STANTON,* District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut (Squatrito, J.) and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court is hereby AFFIRMED.
 
 
 2
 Defendant-appellant, Roosevelt A. Holmes, appeals from a judgment of conviction of the district court entered January 10, 1996. Holmes was charged with violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Holmes entered a plea of not guilty. After a three-day trial, from August 22 to 24, 1995, the jury returned a verdict of guilty. On January 10, 1996, Judge Squatrito sentenced Holmes to a term of imprisonment of 92 months and three years of supervised release. Holmes' single challenge on appeal is to the district court's decision not to grant a two-point reduction of sentence, pursuant to § 3E1.1 of the United States Sentencing Guidelines, for acceptance of responsibility. In particular, Holmes argues that notwithstanding defendants insistence on his right to a trial by jury, the district court committed clear error in failing to grant him the two-point reduction because he fully cooperated with the prosecution from the time of his arrest and did not deny any of the substantive facts presented at trial by the government.
 
 
 3
 The facts underlying this case are uncomplicated. On August 18, 1994, Special Agents of the Bureau of Alcohol, Tobacco and Firearms searched an apartment at 133 Nahum Drive in Hartford, Connecticut. The apartment was leased by Nneka Easterling, Holmes' girlfriend and the mother of his son. Holmes, although living at another address at the time, spent time at the Nahum Drive address, and at the time of the search, both Ms. Easterling and Holmes were present. Before conducting the search, an agent asked Holmes whether any firearms were present in the apartment and he responded in the negative. The search, however, uncovered an Intratec nine millimeter semi-automatic pistol and several rounds of nine millimeter ammunition. The agents found the gun resting under several shirts on the headboard of the bed in the apartment's master bedroom. The weapon was wrapped in a tee-shirt that bore the logo of "20 Love," a prominent street gang in Hartford. Upon the agents' discovery of the gun, according to Holmes' testimony, he remembered that his brother, Ernest Holmes, had left a gun in the apartment during a period in which defendant's brother was living at the address. Holmes, however, denied knowing where in the house the gun had been placed.
 
 
 4
 At trial, Holmes stipulated to two of the three elements of the offenses--that he had been convicted previously of a felony and that the firearm at issue had affected interstate commerce--focusing his attention on the possession element of the offense. As noted, however, in doing so, Holmes admitted that he was aware that a gun was in the apartment that he frequented; thus, his defense was limited to rebutting the prosecution's theory that he possessed (or had constructive possession, that is, dominion and control) of the weapon. At no time in his testimony at trial or at sentencing proceedings did the defendant admit to having dominion and control over the weapon.
 
 
 5
 In addition to Holmes' testimony at trial, the defense offered that of Ernest Holmes and Ms. Easterling. Ernest Holmes testified he had lived for a time at the Nahum Drive apartment, while he was looking for other lodging. He testified further that he owned the weapon found in the search of the apartment and had stored it on a shelf in a closet. Holmes' brother further testified that he left the gun in the apartment after he found other lodging because he feared losing it in the course of the move which was to be made with the assistance of a moving company. Ms. Easterling's testimony supported that of Ernest Holmes. Like Ernest Holmes, she acknowledged awareness of the weapon's presence in the apartment. Further, she testified that she moved the gun from a hallway closet, in which Holmes' brother first placed the gun, to the headboard of the bed in the master bedroom, placing it under several tee-shirts.
 
 
 6
 On the basis of this evidence, Holmes argues that the district court's decision not to accord him a two-point sentence reduction under U.S.S.G. § 3E1.1 was clear error. See United States v. Remini, 967 F.2d 754, 761 (2d Cir.1992) (holding that district court's determination on "acceptance of responsibility" under § 3E1.1 must be accepted by court of appeals unless "clearly erroneous"); United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993) (finding that a trial court's decision not to grant a reduction under § 3E1.1 "is reviewed under a clearly erroneous standard"). Holmes argues that his admission of knowledge of the presence of the weapon in a place he frequented is sufficient to establish that he accepted responsibility under § 3E1.1 for the offense of which he was convicted, notwithstanding his refusal to admit responsibility for an essential element of the offense: possession of the weapon. This argument is without merit.
 
 
 7
 Section 3E1.1 provides that a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-point reduction in sentence. Such admission may be evidenced by "truthfully admitting the conduct comprising the offense." U.S.S.G. § 3E1.1, Application Note 1(a). Although a defendant's insistence on pressing his defenses at trial does not "automatically preclude a defendant from consideration for such a reduction," § 3E1.1 was "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, Application Note (2). This is essentially what Holmes has done.
 
 
 8
 Holmes makes much of his acknowledgement of the presence of the firearm in the Nahum Drive apartment. However, such knowledge is not sufficient to establish the offense of which he was charged and convicted. Rather, under 18 U.S.C. § 922(g)(1), "possession" is the essential element of the offense, and pursuant to the law of this circuit, "possession" means more than the mere presence of a firearm in the vicinity of a felon. United States v. Vasquez, 82 F.3d 574, 577 (2d Cir.1996) (noting that "mere presence" of defendant in area in which a firearm is present constitutes a valid defense under 18 U.S.C. § 922(g)(1)). Rather, in order for a jury to convict on a theory of constructive possession, a jury must find that defendant "knowingly ha[d] the power and the intention at a given time to exercise dominion and control over an object." United States v. Rivera, 844 F.2d 916, 925 (2nd Cir.1988) (quotations omitted). At no time did defendant admit to such facts. Thus, although defendant certainly aided the prosecution by acknowledging his awareness of the weapon's presence in the Nahum Drive apartment, such an admission is not the equivalent of admitting possession (or constructive possession) of the weapon. By extension such an admission falls short of acceptance of responsibility for the offense charged, commonly referred to as "felon in possession." Accordingly, it was not clear error for the district court to have refused to grant him the two-point reduction under § 3E1.1 for acceptance of responsibility.
 
 
 9
 We have considered Holmes' remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York sitting by designation