17-1508-cr
United States v. Jacobs

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand eighteen.

PRESENT:    JON O. NEWMAN,
            PETER W. HALL,
            SUSAN L. CARNEY,
                    *Circuit Judges*,

-----------------------------------------------------------------------

United States of America,

        *Appellee*,

        v.                                                    No. 17-1508-cr

Williesteina Jacobs,

        *Defendant-Appellant*.

-----------------------------------------------------------------------

For Appellant:          COLLEEN P. CASSIDY, *Of Counsel*, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

For Appellee:           GREGORY S. KNAPP, Attorney, Department of Justice, Tax Division (S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Stanley J. Okula, Jr. and Gregory Victor Davis, Attorneys, Department of Justice, Tax Division), *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General (Richard P. Donoghue, United States Attorney for the Eastern District of New York, *Of Counsel*), Washington, D.C.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 9, 2017, is **AFFIRMED**.

Defendant Williesteina Jacobs ("Jacobs"), a tax preparer, was convicted by a jury of 21 counts of willfully aiding in false tax return preparation, in violation of 26 U.S.C. § 7206(2). At trial, the government called nine of Jacobs's former clients, who testified that Jacobs filed individual income tax returns on their behalf that, unbeknownst to them, included fictitious or overstated business expenses and losses, unreimbursed employee expenses, and charitable gifts. The district court sentenced Jacobs to 24 months of imprisonment and ordered her to pay $31,188 in restitution. Jacobs argues that the district court erred by: (1) not providing an instruction that specifically addressed the taxpayer witnesses' incentive to cooperate with the government and (2) not allowing Jacobs to admit into evidence Treas. Reg. § 1.6694-1, which allows tax preparers to rely in good faith on their client's representations.

## I.    Jury Instruction

Although there was no evidence that the taxpayer witnesses agreed to cooperate with the government in exchange for leniency, Jacobs argues that the jury should have been instructed that a taxpayer who has knowingly submitted a false tax return has an inherent incentive to cooperate with the government. Jacobs also contends that the jury should have been instructed to weigh carefully the taxpayers' testimony because "[a]ny taxpayer who knowingly submitted a false return . . . committed perjury at trial because they all denied any knowledge of these false claims." Appellant's Br. at 39.

2

We review a "claim of error regarding jury instructions *de novo*, reversing only where, 'viewing the charge as a whole, there was a prejudicial error.'" *United States v. Coplan*, 703 F.3d 46, 87 (2d Cir. 2012) (quoting *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003)). The district court commits reversible error by refusing to deliver a requested instruction if: "(1) the requested instruction was legally correct; (2) it 'represents a theory of defense with [a] basis in the record that would lead to acquittal'; and (3) 'the theory is not effectively presented elsewhere in the charge.'" *United States v. Prawl*, 168 F.3d 622, 626 (2d Cir. 1999) (quoting *United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir. 1996)).

The district court's refusal to highlight the taxpayer witnesses' purported incentive to cooperate with the government was not error, let alone reversible error. The record does not contain the sort of evidence that would show that the taxpayer witnesses were as "vulnerable to the prosecution's power and influence" as accomplices or coconspirators. *Id.* at 628; *United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) (finding that special credibility instructions are appropriate when "accomplices or coconspirators, those who have made plea bargains or are awaiting sentence, those who have been granted immunity, and defendants" testify for the government (citations omitted)). Furthermore, while the defense argues that the taxpayer witnesses were lying to save themselves from prosecution, there is no evidence that the witnesses offered perjured testimony. *See United States v. Wallach*, 935 F.2d 445, 455 (2d Cir. 1991) ("Because [the witness] had perjured himself in a prior proceeding, the jury was instructed to evaluate his testimony carefully.").

The district court's charge combined with defense counsel's summation, nonetheless, "fairly put the issue" of the taxpayer witnesses' "possible motivations to the jury for its

3

consideration . . . ." *United States v. Vaughn*, 430 F.3d 518, 523–24 (2d Cir. 2005) (finding the district court's instruction adequate where it was accompanied by defense counsel's argument). "While a defendant is entitled to any legally accurate jury instruction for which there is a foundation in the evidence, he does not have a right to dictate the precise language of the instruction." *United States v. Banki*, 685 F.3d 99, 105 (2d Cir. 2012). In the context of special credibility instructions, we have held that "[d]istrict courts are under no obligation to give requested charges word for word and there is no talismanic formula for an instruction on [interested witness] testimony." *Prawl*, 168 F.3d at 628 (internal quotation marks and citation omitted).

In form and substance, the district court's charge here encompassed the defense's theory of the case. Jacobs requested that the jury be instructed to probe whether a witness may "benefit more by lying, or by telling the truth, and whether he or she had some particular motive in giving particular testimony." App'x at 74. More specifically, if a "witness knowingly made a false statement under penalty of perjury" or "knowingly submitted false returns," the jury should consider that witness's testimony with special care and caution. *Id.* The district court instructed the jury to "take into account any evidence that a witness may benefit in some way from the outcome of the case," including "a motive to testify falsely . . . in a way that advances his or her own interests." App'x at 1232. The district court also instructed the jury that if they concluded that a witness was interested, they "should bear that factor in mind when evaluating the credibility of his or her testimony with great care and accept it with great care." *Id.*

On summation, defense counsel further emphasized to the jury the defense's theory that the taxpayer witnesses provided Jacobs false information and were lying about it to save themselves from future prosecution. App'x at 1171 ("Their recourse was to blame Ms. Jacobs

4

with a real and realistic hope of thereby paying nothing. Not paying back taxes, not paying interest on back taxes, and not having to deal any longer with the IRS"); *id.* at 1178 ("I mentioned that there were three incentives for taxpayer witnesses to lie, the financial, legal and emotional incentives.").

Even if error, omission of a special instruction was harmless in view of the overwhelming evidence of guilt. *See United States v. Levy*, 578 F.2d 896, 903 (2d Cir. 1978) (finding that the instructional error was harmless because there was "an abundance of evidence pointing to the defendant's guilt").

## II. Treasury Regulation § 1.6694-1

Jacobs submits that the district court abused its discretion by refusing to admit into evidence Treas. Reg. § 1.6694-1 because this regulation was "a fact relevant to the defense that Ms. Jacobs was specifically allowed by the IRS rules to rely on information supplied by the taxpayer and that she was not required to verify or audit such information." Appellant's Br. at 42 (emphasis omitted).

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Miller*, 626 F.3d 682, 687–88 (2d Cir. 2010). The district court did not abuse its discretion by excluding Treas. Reg. § 1.6694-1. The "fact" of Treas. Reg. § 1.6694-1's existence was irrelevant because there was no evidence that Jacobs relied on Treas. Reg. § 1.6694-1 to prepare her clients' tax returns. To the extent Treas. Reg. § 1.6694-1 was relevant to show Jacobs's state of mind, its relevance was substantially outweighed by the risk of confusing the jury. *See United States v. Kraeger*, 711 F.2d 6, 7–8 (2d Cir. 1983); *United States v. Gilmartin*, 684 F. App'x 8, 10 (2d Cir. 2017) (summary order) ("The district court did not abuse its discretion in excluding

5

[defendant's] documentary evidence, which included . . . excerpts from the Internal Revenue Code, as it had the potential to confuse the jury."); *see also* Fed. R. Evid. 403.

### III. Conclusion

We have considered Jacobs's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court