United States v. Grau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand eighteen.

Present:  PETER W. HALL,
          GERARD E. LYNCH,
                  *Circuit Judges*,
          WILLIAM F. KUNTZ
                  *District Judge.*\*

---

United States of America,

     *Appellee*,

v.                                                          17-3305-cr

Armando J. Grau,

     *Defendant-Appellant.*

---

*For Appellee*:            Louis A. Pellegrino, Assistant United States Attorney, (Anna M. Skotko, Assistant United States Attorney, *of counsel*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

---

\* William F. Kuntz, United States District Judge for the Eastern District of New York, sitting by designation.

*For Appellant*:   COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment entered September 29, 2017, in the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant Armando Grau appeals from a judgment of conviction entered in the Southern District of New York (Hellerstein, *J.*) following a jury verdict finding him guilty of one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

Grau makes two arguments on appeal: first, that the district court erred when it refused to give a proposed jury instruction that set out the defense's theory of the case, and second, that the court exceeded the bounds of its discretion when it excluded the defense witness on relevance grounds.

## I.   The Jury Charge

Grau asserts he was entitled to have the district court instruct the jury on the defense theory of the case—that the government was required, but failed, to prove beyond a reasonable doubt that Grau possessed a real bullet.[1]   *United States v.*

---

[1] The government argues that Grau waived, or at least forfeited, any claim of error in the jury instructions.  After the jury asked whether Grau needed to know that the bullet was real, the court proposed a response, and Grau objected "to that charge."  App. at 306–07.  After the court delivered the response, defense counsel withdrew that objection.  App. at 310.  Grau thus waived this claim on

2

*Vaughn*, 430 F.3d 518, 522 (2d Cir. 2005) ("A defendant is entitled to have his theory of the case fairly submitted to the jury, as long as it has some foundation in the evidence."). We review *de novo* a district court's jury instruction. *Id.*

The court did not err in instructing the jury. When a defendant claims that the district court failed to give his requested jury instruction, we will vacate a conviction only if "(1) the requested instruction was legally correct; (2) it represents a theory of the defense with basis in the record that would lead to acquittal; and (3) the theory is not effectively presented elsewhere in the charge." *United States v. Prawl*, 168 F.3d 622, 626 (2d Cir. 1999) (quoting *United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir. 1996)) (internal quotations omitted).

Before explaining the statutory elements of the offense, the court instructed the jury on Grau's position:

> Defendant has pleaded not guilty to the indictment, and thus he denies the charge alleged against him. Specifically, he denies that he knowingly possessed a .38 caliber bullet designed to be used in a firearm. Therefore the government is obligated to prove each element of the offense that was charged before you could find the defendant guilty.

App. at 276. The court then instructed the jury on the elements the government must prove, including knowing possession of ammunition:

> You must also find that the defendant knowingly possessed the ammunition, that is, that he knew that the ammunition was ammunition, as defined by the statute. Again, that definition is ammunition, cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

---

appeal in this single instance, but he did not waive or forfeit review of his objection to the original jury instruction. Grau provided his proposed instruction in writing at the charging conference, *see* Fed. R. Crim. P. 30(a), and "inform[ed] the court of the specific objection and the grounds for the objection before the jury retire[d]." *Id.* at 30(d); *see also United States v. Crowley*, 318 F.3d 401, 412–14 (2d Cir. 2003) (explaining the requirements of a Rule 30 objection).

In this case, the government has to prove beyond a reasonable doubt that the defendant knew that the bullet sticking out of the gun, . . . was a bullet designed for use in a firearm.

App. at 279.

Here, the district court's instruction was sufficient to present the defense theory. The court conveyed to the jury, in the language of 18 U.S.C. § 922(g)(1), that in order to convict, the jury needed to find beyond a reasonable doubt that Grau knew that he possessed live ammunition designed for use in a firearm, and that Grau's position was that the government failed to prove that he did. While Grau points to the court's refusal to charge the jury with his language, he does not indicate how the statutory language and expanded instruction quoted above fails to encapsulate the defense theory that Grau did not know the bullet was real. "Although a defendant is entitled to have the court charge the jury on any defense theory for which a foundation existed in the record, he is not necessarily entitled to have that instruction communicated to the jury in the language of his choice." *United States v. Coplan*, 703 F.3d 46, 87 (2d Cir. 2012).

Moreover, because we review a district court's instruction "in light of the charge in its entirety and the arguments made at trial." *Vaughn*, 430 F.3d at 522–24 (citing *United States v. Velez*, 652 F.2d 258, 261 n. 5 (2d Cir. 1981) (noting in passing that failure to charge defense theory, though important, was not prejudicial, "since defense counsel forcefully argued" the issue in summation)), even if the instruction itself fell short of presenting the defense theory, the defense summation and Judge Hellerstein's later answers to the jury's questions "fairly put the issue" to

4

the jury. *Id.* at 523. The summation focused at length on "real" bullets. App'x at 248–64. And Judge Hellerstein confirmed for the jury that his instruction regarding ammunition—"designed for use in any firearm"—encompassed knowing the bullet was real. App'x at 309–10.

## II. The Defense Witness

Grau also argues that the district court erred when it excluded the sole witness he intended to call—a paralegal who would testify that replica and fake bullets were readily available online. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010). We grant a district court broad deference on evidentiary rulings, "mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *Id.*

The district court did not exceed the bounds of its discretion. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[S]o long as a chain of inferences leads the trier of fact to conclude" that the evidence "affects the mix of material information, the evidence cannot be excluded" on relevance grounds. *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006).

The record does not support any chain of inferences connecting the paralegal's testimony to evidence of Grau's knowledge—the consequential fact in dispute. Nor could the paralegal establish this link through the proffered testimony. As a lay

5

witness, the paralegal may only testify on matters of personal knowledge. Fed. R. Evid. 701. Her testimony would not competently establish the relative availability of replica bullets in the marketplace, but only that someone set to a specific research task to find replica bullets could do so. Nor is her testimony probative of Grau's knowledge of the relative availability of replica bullets or whether he relied on that knowledge when finding the gun in the park. The crucial links in the inferential chain could only be supplied by an expert or a witness with personal knowledge. The paralegal was neither. The district court did not exceed its broad discretion in excluding the defense witness and the exhibits she would introduce.

We have considered Grau's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk