18-173-cr
*United States v. Hayes*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty.

Present:
> RICHARD C. WESLEY
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                  18-173-cr

WILBERT HAYES,

> *Defendant-Appellant*.

_____

For Appellee:                      MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

For Defendant-Appellant:      JAMES M. BRANDEN, The Law Office of James M. Branden, New York, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J*.).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Wilbert Hayes ("Hayes") appeals from a judgment of conviction and sentence in the United States District Court for the Western District of New York (Arcara, *J.*) for one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) and § 924(a)(2). Hayes was charged following an investigation by the Niagara Falls Police Department ("NFPD") into potential marijuana-dealing activities at an apartment at 1318 Walnut Avenue in Niagara Falls, New York, where Hayes resided with his girlfriend and two children. Following two controlled purchases of marijuana and a series of surveillance operations, the NFPD obtained a warrant to search the apartment. When NFPD officers executed the warrant on August 15, 2014, they discovered, *inter alia*, a bolt-action shotgun hidden in a bedroom closet and a bag of marijuana (along with additional unused plastic bags) hidden in a fish tank. Hayes's conviction concerns his possession of the shotgun. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

**I. The Sufficiency of the Trial Evidence**

A conviction under 18 U.S.C. § 922(g)(1) requires the government to prove, *inter alia*, that the defendant knowingly possessed or received a firearm. The defendant's mere presence in the same location as a weapon does not establish possession, *United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988), but it is sufficient for the government to prove that a defendant had the "power and [] intention . . . to exercise dominion and control" over it, *United States v. Jones*, 531 F.3d 163, 169 (2d Cir. 2008). On appeal, Hayes argues that the government presented insufficient evidence at trial to prove that he had possession of the shotgun found in the bedroom closet. He contends

2

that, "[a]t best, the evidence suggest[s] that [he] was a regular visitor to the upper apartment at 1318 Walnut [Avenue] and that he had some authority to receive visitors there and even barbecue on the outdoor porch," both of which NFPD officers had observed him doing. Appellant's Br. 9–10. For the following reasons, we disagree.

We review challenges to the sufficiency of the evidence *de novo*. *United States v. Lyle*, 919 F.3d 716, 737 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 846 (2020). In so doing, we view the evidence "in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) (quoting *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011)). We must uphold the jury's verdict "if any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt." *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). The verdict "may be based on circumstantial evidence," and "the Government is not required to preclude every reasonable hypothesis which is consistent with innocence." *United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) (internal quotation marks omitted).

Here, the government presented sufficient evidence for the jury to find that Hayes had dominion and control over the shotgun. First, the jury heard testimony that at each of the five times police surveilled the premises, Hayes was present and acting in a manner consistent with the exercise of dominion and control of the apartment, including by allowing visitors to enter and barbecuing on the apartment's deck. It heard further evidence that confidential informants purchased marijuana from Hayes at the apartment, a narrative corroborated by the presence of marijuana and unused plastic bags hidden there. Second, police testified that when an officer accidentally discharged his weapon while clearing the apartment, Hayes repeatedly asked, "Who shot a shot in my house?" Trial Tr. 115, 124, 131–32. Third, when Hayes was booked and asked

for his address by law enforcement, he provided the address where police found the shotgun. Fourth, a search of the apartment revealed a New York State benefits card and a letter concerning child support payments, both of which were addressed to Hayes.

This evidence was sufficient to find, beyond a reasonable doubt, that Hayes had dominion and control over the entire apartment and the items inside it. He identified the residence as his house, both at the time of the search and when he was later asked for his address. He was seen at the apartment on numerous occasions and kept government documents and credentials—items one would not ordinarily leave in a place where one does not exercise dominion and control—on the premises. And the evidence that Hayes dealt marijuana from the residence suggested a motive for him to keep a weapon near the front door, where the shotgun was found. *See United States v. Rivera*, 844 F.2d 916, 926 (2d Cir. 1988) (citing *United States v. Hernandez*, 780 F.2d 113, 116–17 (D.C. Cir. 1986)).

**II. The Jury Instructions**

A "criminal defendant is entitled to a jury charge that reflects his defense." *United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir. 1996). On appeal, Hayes contends that the district court's instructions on the law of constructive possession did not sufficiently track his defense theory—*i.e.*, that his only connection to the shotgun found in the apartment where he was arrested was physical proximity—and were therefore inconsistent with our decision in *Vasquez*. After the close of evidence at trial, Hayes filed a written request for an instruction that a defendant's "mere presence" at the location where contraband is found is insufficient evidence of possession. The district court ultimately denied the request, concluding that the requested instruction risked confusing the jury and that the court's intended explanation of the law was sufficient. The district court's ultimate instruction explained, *inter alia*, that possession entails the "power and intention

4

to exercise control over" the firearm and that the defendant must have "possessed the firearm purposely and voluntarily and not by accident or mistake." Trial Tr. 385–86. Hayes now argues that by excluding his requested instruction, the district court "left [the jury] to conclude that the principal defense was not legally viable and that the defense lacked a supportable foundation." Appellant's Br. 18. For the following reasons, we again disagree.

We review a challenge to the jury instructions *de novo*, but will "reverse only where the charge, viewed as a whole, demonstrates prejudicial error." *United States v. Coppola*, 671 F.3d 220, 247 (2d Cir. 2012). This occurs only "if we conclude that a charge either fails to adequately inform the jury of the law, or misleads the jury as to a correct legal standard." *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006); *accord Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 153 (2d Cir. 2014). We will not order a new trial if "the instructions, read as a whole, presented the issues to the jury in a fair and evenhanded manner." *Turley*, 774 F.3d at 153 (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012)). Though a defendant is entitled to a charge that reflects his defense, moreover, we will not overturn a conviction for a district court's refusal to give a requested instruction unless that instruction is "legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *Vasquez*, 82 F.3d at 577. A criminal defendant is not entitled to have the district court read to the jury the exact language proposed. *United States v. Johnson*, 994 F.2d 980, 988 (2d Cir. 1993).

For the reasons articulated in *Vasquez*, the district court's instruction here "adequately apprised the jury of the defense" and was not prejudicial error. *See* 82 F.3d at 578. In *Vasquez*, as here, the defendant requested that the court tell the jury that the "mere presence of the defendant in the vicinity of the gun or the gun's accessibility to the defendant is not enough to prove knowing

possession." *Id.* at 577. Instead, that court gave a charge on possession materially identical to the one given here, instructing the jury that possession requires "the power and intention to control the firearm" but not "proof of ownership." *Id*. We remarked that although "it would have been preferable" to incorporate a more specific instruction that mere presence is insufficient to find possession, "the court's instructions adequately apprised the jury of the defense and [did] not warrant reversal of Vasquez's conviction." *Id*. at 578.

Central to *Vasquez*'s holding was that "the instructions . . . clearly required the jury to find that the defendant had the intent to exercise dominion or control over the firearm and that possession could not be established by accident or mistake[,] . . . effectively preclud[ing] conviction for mere presence or proximity."[1] *Id*. at 577–78. The same is true here. Even if the district court might have more closely tailored its instruction to Hayes's defense theory, the instructions it gave effectively presented the jury with the law and plainly precluded a finding of possession based on "mere presence." The district court's decision not to present the precise language Hayes requested was in no way tantamount to a condemnation of Hayes's theory of innocence. *See Johnson*, 994 F.2d at 988. Hayes's argument to the contrary is without merit.

### III. The Admission of Evidence Regarding Confidential Informants

Before trial, Hayes moved, pursuant to Federal Rule of Evidence 403, to preclude evidence of his two uncharged marijuana transactions with the confidential informants. The district court granted Hayes's motion to exclude testimony by NFPD detectives regarding controlled purchases of marijuana from Hayes, but allowed the government to examine those detectives regarding their surveillance operations, their observations of Hayes at the apartment, and the seizure of the

---

[1] We have cited *Vasquez* for the proposition that a district court's failure to give a requested charge does not merit reversal "where the omitted jury instructions, although legally correct and even 'preferable,' were not necessary." *See United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir. 2004).

marijuana and plastic bags found during the search.

At trial, the government elicited testimony regarding the NFPD's recovery of marijuana, unused plastic bags, and the shotgun at the apartment. When cross-examining Detective Joseph Giaquinto, the detective who initiated the investigation into Hayes, defense counsel elicited testimony that the marijuana found in Hayes's apartment was a small amount and "could be" intended for personal use. Trial Tr. 220–21. He then elicited testimony that Hayes, but not his girlfriend who also lived in the apartment, was arrested and charged in connection with the marijuana and shotgun. At the government's request, the district court ruled that this testimony—which arguably created the impression that Hayes had been targeted arbitrarily for investigation and prosecution in connection with personal use marijuana—opened the door to testimony that the NFPD also oversaw two controlled evidence purchases of marijuana from Hayes. On redirect, Detective Giaquinto testified that Hayes let confidential informants into the apartment and that those informants returned with green matter that field tested positive for marijuana. He also testified that the amounts purchased by the informants were consistent with the amount seized in the search, and that their packaging was consistent with the plastic bags found in the apartment during the search.

On appeal, Hayes claims that the district court's admission of Detective Giaquinto's redirect testimony was error. In his summation, counsel for the government referred to the controlled purchases and linked them to the possession charge by arguing, *inter alia*, that "he kept [the gun] at 1318 Walnut Avenue, because that's where he sold marijuana. So, he had the motive to make sure it was nearby, to possess it when he engaged in the dangerous world of drug dealing." Trial Tr. 300. In Hayes's view, the admission of the controlled purchase evidence—particularly in combination with the government's theory—was unduly prejudicial because it "paint[ed] . . .

7

Hayes as a significant drug dealer in need of an arsenal to protect him." Appellant's Br. 23. Yet again, we disagree.

"We 'uphold Rule 403 rulings unless the district court has abused its discretion.'" *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (per curiam) (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)). As long as "the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *Id*. (internal quotation mark omitted). In the course of our review, we generally "maximize [the evidence's] probative value and minimize its prejudicial effect." *Id*. (internal quotation marks and alterations omitted).

Here, the district court did not abuse its discretion in admitting testimony regarding the informants' controlled purchases from Hayes. It was neither arbitrary nor irrational to conclude that the potential for prejudice did not substantially outweigh the evidence's probative value. Detective Giaquinto's testimony that he witnessed the informants enter the apartment at Hayes's invitation and leave with marijuana was relevant to whether Hayes was engaged in selling drugs at the premises and whether he knowingly possessed the firearm located near the apartment's entrance.[2]  And as the district court found, this evidence was made all the more relevant by defense counsel's cross-examination of Detective Giaquinto. In the absence of the clarifying rebuttal evidence, this cross-examination might have compromised the NFPD's credibility by implying that the government focused on Hayes's possession of the firearm when the evidence suggested no particular association between him and other contraband found in the apartment.[3] *Cf. United*

---

[2]  Hayes does not contest the propriety of the controlled-purchase testimony under Rule 404(b), which prohibits the use of evidence of uncharged crimes to prove a person's character. But the evidence's relevance to motive renders it permissible under that rule as well. *See* Fed. R. Evid. 404(b)(2).

[3]  Hayes contends that his counsel's cross-examination was intended merely to "blunt the potential

8

*States v. Bermudez*, 529 F. 3d 158, 163 (2d Cir. 2008) (finding evidence of drug dealing in a firearm possession charge admissible under Rule 403, even before the defense "opened the door," where "it was important for the government to establish . . . why the officers' attention was focused on [the defendant] as opposed to any number of other individuals in the high crime area").

Moreover, Detective Giaquinto's testimony presented little risk of unfair prejudice. Rather than portraying Hayes "as a significant drug dealer in need of an arsenal," Appellant's Br. 23, the evidence suggested that he was a small-time marijuana dealer who sold small bags of marijuana and possessed a single unloaded shotgun in the place where he sold those drugs. This type of evidence was unlikely to inflame the passions of a jury. Nor was it likely to prompt a jury to "declar[e] guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The district court instructed the jury regarding its consideration of the uncharged criminal activity, and we must presume, absent contrary evidence, that the jury understood and abided by those instructions. *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002). As such, the district court's admission of the controlled-purchase evidence was not an abuse of its discretion.

### IV. Hayes's Post-*Rehaif* Challenge to the Indictment and Jury Instructions

After Hayes's conviction, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that to obtain a conviction pursuant to 18 U.S.C. § 922(g), the government must prove not only that the defendant knew that he possessed a firearm, but also that he "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.

---

prejudice of the marijuana/paraphernalia evidence." Appellant's Br. 22. But as the government argues, this only demonstrates the false impression that Detective Giaquinto's redirect testimony sought to correct. Hayes knew that he had been selling marijuana out of the apartment, so his attempt to counter the impact of the marijuana evidence was actually to suggest, contrary to fact, that he had not been engaged in drug sales and the marijuana was solely for personal use.

Ct. at 2200. Prior to *Rehaif*, however, we interpreted § 922(g)(1) and § 924(a)(2) not to include the latter requirement. *Cf. United States v. Gaines*, 295 F.3d 293, 302 (2d Cir. 2002). Accordingly, though Hayes stipulated at trial that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that stipulation addressed neither his knowledge of the prior conviction nor its potential penalties. Now, in supplemental briefing filed in response to *Rehaif*, Hayes argues that (1) the district court lacked jurisdiction over his case because the indictment did not properly charge an offense and (2) the jury was not instructed to find—and the stipulation was not sufficient to establish—that Hayes knew he was a member of the subject class. Post-*Rehaif* decisions of this Court foreclose both of these arguments.

Federal courts have jurisdiction to adjudicate a criminal charge as long as "the indictment alleges an offense under U.S. criminal statutes." *United States v. Prado*, 933 F.3d 121, 134 (2d Cir. 2019). "[T]he standard for the sufficiency of an indictment is not demanding," *United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019), and requires little more than that the indictment "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime," *United States v. Stringer*, 723 F.3d 120, 124 (2d Cir. 2013) (quoting *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000)). The indictment here, which closely tracks the language of § 922(g)(1), plainly meets this standard. *See Balde*, 943 F.3d at 89 (holding that an indictment tracking the statutory language of § 922(g)(5)(A) remains sufficient to confer district court jurisdiction after *Rehaif*).

Our recent decision in *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020), renders Hayes's jury instruction challenge similarly meritless. Because Hayes challenges the district court's instruction for the first time on appeal, we review that instruction "for plain error, considering whether (1) there is an error; (2) the error is clear or obvious, rather than subject to

10

reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 557–58 (internal quotation marks omitted). In *Miller*, the defendant argued that the district court committed plain error when, prior to *Rehaif*, it failed to instruct the jury that § 922(g) requires the government to prove his knowledge of his former-felon status. *Id.* at 557. We disagreed, and held that such an admitted error did not rise to the level of reversible plain error because the defendant's presentence investigation report ("PSR") revealed that he was sentenced to, and actually served, more than one year in prison for a prior felony conviction. *Id.* at 559–60 (concluding that affirming the conviction would not "seriously affect the fairness, integrity, or public reputation of judicial proceedings").

As in *Miller*, Hayes's PSR demonstrates that prior to the conduct at issue in this case, Hayes had been sentenced to, and served, more than one year's imprisonment for a felony conviction. Like the court in that case, "we have no doubt that, had the *Rehaif* issue been foreseen by the district court, [Hayes] would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence."[4] *Id.* at 560. The district court's erroneous instruction and the stipulation's silence as to Hayes's knowledge of his prior conviction provide no basis to vacate Hayes's conviction.

---

[4] As we explained in *Miller*, "at trial, [the defendant] likely would have . . . been successful in excluding[] the details pertaining to his prior offense as unnecessary and prejudicial embellishment on his stipulation. We will not penalize the government for its failure to introduce evidence that it had but that, prior to *Rehaif*, it would have been precluded from introducing." 954 F.3d at 559–60 (footnote omitted).

11

We have considered Hayes's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk